[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12528
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-00200-CMS

ISAAC COOK,

Plaintiff - Appellee,

versus

FURNITURE MARKETING DIRECT, LLC,

Defendant,

JOSEPH SCOTT HOLLIDAY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 24, 2019)

Before MARTIN, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Joseph Scott Holliday appeals the district court's order and judgment assessing Isaac Cook's attorney's fees against him.  In the district court, Holliday was represented by counsel at the outset of the case, but his counsel withdrew while the litigation remained pending.  According to Holliday, he received no notice of Cook's motion for attorney's fees or any of the items filed on the district court's docket after his counsel withdrew and before the court assessed attorney's fees against him.  Holliday argues that the district court's attorney's fees assessment was erroneous based on this lack of notice.  Because Holliday failed to bring this argument before the district court, however, we are constrained to affirm.

## I.    BACKGROUND

We limit our recitation of the facts to the procedural history of this case because the underlying facts are irrelevant to our disposition of this appeal.

Isaac Cook brought this action against Furniture Marketing Direct, LLC, and Holliday, alleging claims for employment discrimination and retaliation under 42 U.S.C. § 1981, as well as a claim for retaliation under the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3).  Both defendants timely answered.  Following discovery, Furniture Marketing Direct and Holliday moved for summary judgment.

2

Before the court decided the summary judgment motion, Cook filed a suggestion of bankruptcy, notifying the court that Furniture Marketing Direct had filed a voluntary petition for Chapter 11 bankruptcy and that the action was subject to an automatic stay only as to Furniture Marketing Direct, pursuant to 11 U.S.C. § 362(a).  William Ney, up until this point counsel for both defendants, then moved to withdraw his representation for both defendants.  The magistrate judge granted Ney's motion to withdraw and ordered Holliday to advise the court as to whether he intended to obtain replacement counsel or proceed *pro se*.  After hearing nothing from Holliday, the magistrate judge ordered him to show cause why the court should not enter a default judgment against him for failing to comply with her earlier order.  Again lacking any response from Holliday, the magistrate judge denied as moot the motion for summary judgment with respect to Holliday only and directed the clerk to enter default against him.  The magistrate judge then ordered Cook to apply for a default judgment.  After Cook filed an application for a default judgment, the court granted the application, and the clerk entered a default judgment against Holliday.

Following the entry of default judgment, Cook filed a motion for attorney's fees.  Cook requested attorney's fees in the amount of $50,393.75.  The magistrate judge entered an order assessing Cook's attorney's fees of $50,393.75 against Holliday.  The district court clerk entered a judgment to the same effect.  The

3

magistrate judge then ordered the case administratively closed for the pendency of Furniture Marketing Direct's bankruptcy proceeding.

This is Holliday's appeal.

## II.    STANDARD OF REVIEW

We review for abuse of discretion a district court's award of attorney's fees. *Rath v. Marcoski*, 898 F.3d 1306, 1309 (11th Cir. 2018) (internal quotation marks omitted). "An abuse of discretion occurs if the court fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." *Id.* (internal quotation marks omitted).

## III.    DISCUSSION

Holliday argues that the district court violated Federal Rule of Civil Procedure 77(d)(1) by failing to provide him with notice of Cook's motion for attorney's fees, or of any of the proceedings that occurred after Ney withdrew as his counsel and before the court entered its judgment assessing attorney's fees against him. After Holliday learned of the district court's attorney's fees award, he had the option of moving that court for reconsideration of its assessment on the same grounds on which he now bases his appeal. Holliday filed no motion for reconsideration, however. By forgoing presentation to the district court of the notice issue he now raises on appeal, Holliday has left us with no district court

4

determination of that issue to review.  Therefore, we cannot say, on the grounds urged by Holliday, that the district court committed an abuse of discretion.  *See, e.g.*, *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) ("The district court cannot abuse its discretion by failing to consider arguments that are not before it.").  Accordingly, we affirm the district court's attorney's fees award.

We note, though, that nothing in this opinion shall prohibit Holliday from seeking relief from the district court, pursuant to Federal Rule of Civil Procedure 60(b)(4), for the attorney's fees award.  *See* Fed. R. Civ. P. 60(b)(4) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [because] . . . the judgment is void . . . ."); *see also Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 737 (11th Cir. 2014) ("Voidness for purposes of a 60(b)(4) motion contemplates lack of jurisdiction or defects in due process that deprive a party of notice or an opportunity to be heard."); *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009) ("[A] district court's failure to vacate a void judgment is *per se* an abuse of discretion."); *see generally* 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2862 (3d ed. 2019) ("[T]here is no time limit on an attack on a judgment as void.").

**AFFIRMED.**

5